DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Brian McCoy, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was involved in an altercation with the victim, E.P., on June 10, 2004. Appellant and E.P. had previously dated, have a child together, and have remained acquaintances. On the day in question, officers were called to E.P.'s residence to investigate a complaint of domestic violence. After taking statements from both Appellant and E.P., officers arrested Appellant.
 {¶ 3} As a result of his actions on June 10, 2004, Appellant was indicted on the following counts: one count of domestic violence, in violation of R.C. 2919.25(A); one count of domestic violence, in violation of R.C. 2919.25(C); one count of abduction, in violation of R.C. 2905.02(A)(2); and one count of unlawful restraint, in violation of R.C. 2905.03. Appellant pled not guilty to the charges and the matter proceeded to a jury trial.
 {¶ 4} At trial, E.P. testified as follows. Appellant had come to the house that she was living in with their daughter. Appellant invited several of his friends to the house, and E.P. informed him that she would leave if his friends came to the house. E.P. then began taking the child's clothing to her car. Upon reentering the house, Appellant began calling her names and hitting her. Appellant then dragged her into the bedroom of the house. In the bedroom, Appellant punched her in the face twice and hit her with a lamp. Appellant then exited the house and E.P. called 911.
 {¶ 5} In contrast, Appellant testified that he never struck E.P. He testified that she had attacked him, that he had defended himself, and that he had called the police as well. He, however, did admit that he had been previously convicted of domestic violence twice for incidents involving E.P., and several other times involving other victims.
 {¶ 6} At the close of the evidence, the jury found Appellant guilty of both counts of domestic violence and not guilty of abduction and unlawful restraint. Appellant was sentenced to an aggregate term of two years incarceration. Appellant timely appealed, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN PERMITTING THE APPELLEE TO PRESENT THE OTHER ACTS TESTIMONY FROM THE ALLEGED VICTIM BECAUSE SUCH TESTIMONY SHOULD HAVE BEEN EXCLUDED PURSUANT TO EVID.R. 401, EVID.R. 402, EVID.R. 403, EVID.R. 404(B) AND R.C. 2945.59."
 {¶ 7} In his first assignment of error, Appellant argues that the trial court erred in permitting testimony regarding the specific facts of his prior domestic violence convictions. We disagree.
 {¶ 8} The trial court has broad discretion to determine whether evidence is relevant, and whether relevant evidence should be excluded. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The trial court's decision will be reversed only upon a finding that the trial court abused its discretion. Williams v. Oeder (1995), 103 Ohio App.3d 333, 341. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} Evid.R. 404(B) allows "evidence of other crimes, wrongs, or acts * * * [to be admitted] for * * * purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." A conviction will not be reversed because a specific purpose under Evid.R. 404(B) was not asserted by the State, provided that the evidence meets one of the stated purposes under the rule. Statev. Davis (1991), 62 Ohio St.3d 326, 338. In addition, R.C.2945.59 provides as follows:
"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 10} This Court has previously held that "prior bad acts by a defendant against the same victim are admissible in domestic violence cases to prove the defendant's intent * * *." (Alterations sic.) State v. Blonski (1997),125 Ohio App.3d 103, 113. When using a defendant's prior acts to show his intent, "the offense for which the defendant is being tried and the other act must have occurred reasonably near to each other and a similar scheme, plan or system must have been utilized to commit the offense at issue and the other offenses." Id., citing Statev. Elliott (1993), 91 Ohio App.3d 763, 771.
 {¶ 11} In the instant matter, E.P. testified that Appellant had threatened to kill her on October 20, 2003, eight months prior to the current incident. On that day, Appellant had been drinking, and he began arguing with E.P before threatening her. The argument arose when E.P. called Appellant's mother to pick him up because he did not have a vehicle. E.P. went on to testify about the specifics of Appellant's prior domestic violence stemming from October 4, 2003. E.P. noted that the parties' argument was again focused on the use of a vehicle and alcohol. Appellant then began hitting E.P. and attempted to smother her with a pillow. During his testimony, Appellant admitted guilt regarding both of these prior domestic violence offenses.
 {¶ 12} Given that these events occurred less than one year from the current incident, involved the same victim, and resulted from arguments over the same subject matter, we cannot find that the trial court abused in discretion in admitting the other acts evidence. The evidence was probative of Appellant's intent to commit domestic violence. Blonski, 125 Ohio App.3d at 113. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY VIOLATING THE APPELLANT'S RIGHTS TO A FAIR TRIAL BY NOT PERMITTING EFFECTIVE CROSS EXAMINATION OF A WITNESS PURSUANT TO EVIDENTIARY RULES 611(B) AND 613."
 {¶ 13} In his second assignment of error, Appellant contends that the trial court erred in limiting his questioning of certain witnesses during trial. We disagree.
 {¶ 14} A trial court has broad discretion in the admission of evidence. State v. Martin (1985), 19 Ohio St.3d 122, 129. We will not overturn a trial court's decision regarding the admissibility of evidence absent an abuse of discretion. Id. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore, 5 Ohio St.3d at 219.
 {¶ 15} Appellant argues that the trial court erred in refusing to permit him to introduce extrinsic evidence of a prior inconsistent statement made by E.P. Specifically, Appellant claims that E.P. told a neighbor that she had struck him with the lamp, not that he had struck her. Evid.R. 613(B) governs the admissibility of extrinsic evidence to demonstrate a prior inconsistent statement, providing as follows:
"Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
"(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
"(2) The subject matter of the statement is one of the following:
"(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
"(b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), 616(B) or 706;
"(c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence."
Appellant argues in his brief that "the evidence was not presented by [Appellant] for the truth of the matter asserted, but to show the inconsistencies in [E.P.'s] statements [.]" Appellant, therefore, was required to provide E.P. a prior opportunity to deny the statement. Our review of the record indicates that E.P. was given such an opportunity and denied making the statement. Thus, we proceed in our analysis under Evid.R. 613(B)(2).
 {¶ 16} Appellant has not argued in his brief that any of the provisions of Evid.R. 613(B)(2) were met. Rather, Appellant asserts that the alleged inconsistent statement was "relevant to the facts in the case at hand." Accordingly, "[i]f an argument exists that can support [Appellant's asserted error], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at *22. Appellant has not argued that the statement would accomplish anything other than to impeach E.P. Further, we cannot find that the subject matter of the statement was a fact of consequence to the determination of the action. E.P. testified in detail about how many times Appellant had struck her with his fists and that she had fought back to stop the assault. Accordingly, the introduction of E.P.'s alleged inconsistent statement would not alter the evidence presented in support of Appellant's domestic violence conviction.
 {¶ 17} We cannot find that the trial court abused in discretion in excluding extrinsic of E.P.'s prior inconsistent statement. Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur