DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, John H. McCombs, appeals from the judgment of the Summit County Court of Common Pleas finding him guilty of obstructing justice and obstructing official business. We affirm the judgment of the trial court.
 {¶ 2} In October of 2004, the car of a Ms. Davis was broken into and her cell phone and credit cards were stolen. It was discovered that a few people were driving around Akron, stopping at various merchant locations and using the stolen credit cards. The identity of the passengers in the vehicle was initially unknown, but during the course of the police investigation, Defendant was discovered to have been one of the passengers.
 {¶ 3} Defendant was indicted on January 21, 2005 for one count of misuse of credit cards, in violation of R.C.2913.21(B)(2), a felony of the fifth degree, one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree, and theft, in violation of R.C.2913.02(A)(3), also a fifth degree felony. A supplemental indictment was filed on May 26, 2005, charging Defendant with one count of obstructing justice, in violation of R.C. 2921.32(A)(2), a fifth degree felony, and one count of obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor.
 {¶ 4} The case proceeded to a trial by jury on June 13, 2005. On the day of trial, per the State's motion, the trial court dismissed the first three counts of the original indictment. The trial ensued on the remaining two counts of the supplemental indictment until 10am of the same day, when a mistrial was declared.
 {¶ 5} On June 20, 2005, a jury was convened and trial proceeded on the two remaining counts. After hearing the evidence presented, the jury found Defendant guilty of the two counts in the supplemental indictment; obstructing justice and obstructing official business.
 {¶ 6} The court sentenced Defendant on July 20, 2005, to six months in prison for obstructing justice, a fifth degree felony, and 90 days in prison for obstructing official business, a second degree misdemeanor. He was given 189 days jail credit. Defendant now raises three assignments of error on appeal, the first two of which we will discuss together.
 ASSIGNMENT OF ERROR I
"The trial court committed reversible error when it denied McCombs his constitutional rights under the Sixth Amendment's confrontation clause by admitting the hearsay statements of a co-defendant through the testimony of an Akron police officer."
 ASSIGNMENT OF ERROR II
"The trial court committed reversible error when it allowed testimony indicating [Defendant] had participated in a criminal act for which he was not on trial, which was inadmissible under [Evid.R.] 404."
 {¶ 7} In his first two assignments of error, Defendant claims that the trial court erred when it admitted hearsay statements of a co-defendant and when it allowed testimony indicating that he had participated in a criminal act for which he was not on trial. We disagree.
 {¶ 8} While Defendant has cited to case law in support of his propositions that hearsay testimony and prejudicial other-acts testimony may not be admitted, he has failed to point out where, during his trial, the alleged errors occurred. An appellant's brief is required to contain argument and law "with citations to the authorities, statutes, and parts of the record on which [the] appellant relies." App.R. 16(A)(7); Loc.R. 7(B)(6).
 {¶ 9} Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *." Advertising Tapes, Inc. v.Misquitta (Apr. 15, 1998), 9th Dist. No. 18631, at 2. This Court does not have an obligation to search through the record and develop arguments in support of Defendant's assignments of error.Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v.Cardone (May 6, 1998), 9th Dist. No. 18349.
 {¶ 10} The above notwithstanding, a review of the trial transcript has shown that Defense counsel's objections to hearsay statements during direct examination were sustained, and the remaining alleged hearsay statements and the prejudicial other-acts testimony were invited error.
 {¶ 11} During direct examination of Detective Stevens, Defense counsel made five objections. His first objection was to a non-responsive statement. The second objection related to Detective Stevens' statement that he had learned in his investigation that one of the people in the car when the stolen credit card was being used was the brother of a person named Teon. Defense counsel's objection to that statement was overruled. When asked whether a Ms. Woods was able to confirm whether or not Defendant was a suspect after having seen a photo array, Defense counsel objected and that objection was sustained before Detective Stevens' answered the question.
 {¶ 12} Defense counsel's fourth objection related to Detective Stevens' testimony as to what he himself said at one point. That objection was overruled. Finally, Detective Stevens testified that, after interviewing a man named Joseph Hill, he learned that Defendant was indeed in the vehicle in question. Defense counsel entered an objection, which was sustained and trial court instructed the jury to disregard the information that Detective Stevens learned from Joseph Hill. The trial court noted, out of the presence of the jury, that, as Defendant himself had admitted that he was in the vehicle, that the instruction to disregard the hearsay testimony was sufficient. We do not find that the trial court committed plain error in any of the above rulings.
 {¶ 13} We acknowledge that numerous hearsay statements were elicited from Detective Stevens during cross examination and re-direct examination. However, Defense counsel invited the error that he now raises on appeal by posing the questions asking for the hearsay statements he now complains of. Under the doctrine of invited error, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. State v. Bey (1999), 85 Ohio St.3d 487, 493. The invited error doctrine "preclude[s] a defense counsel who induces hearsay evidence on cross-examination from precluding further hearsay testimony on re-direct examination." State v. Croom (Jan. 18, 1996), 8th Dist. No. 67135, at 17.
 {¶ 14} In light of the foregoing, we overrule Defendant's first and second assignments of error.
 ASSIGNMENT OF ERROR III
"[Defendant's] conviction is against the manifest weight of the evidence."
 {¶ 15} In his third assignment of error, Defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 16} As an initial matter, this court notes that Defendant has completed his sentence for both of his convictions. Defendant's assignment of error as it pertains to his conviction for obstructing official business is, therefore, moot. Where a defendant has completed his sentence, `"an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' State v. Berndt (1987), 29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. Defendant has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his misdemeanor. Thus, Defendant's assignments of error, as they pertain to his misdemeanor, are moot, and will not be discussed.
 {¶ 17} Defendant has also completed his sentence for obstructing justice, a felony of the fifth degree. However, Defendant's appeal challenging his felony conviction is not moot even though he has satisfied his sentence. "[A] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston (1994), 71 Ohio St.3d 224, 227. Thus, we will address Defendant's appeal from his felony conviction for obstructing justice.
 {¶ 18} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387. When reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 19} Defendant was charged with violating R.C.2921.32(A)(5) which provides as follows:
"No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall
"* * *
"Communicate false information to any person[.]
 {¶ 20} The Ohio Supreme Court has held that making "an unsworn false oral statement to a law enforcement officer with the purpose to hinder the officer's investigation of a crime is punishable conduct within the meaning of R.C. 2921.32(A)(5)."State v. Bailey (1994), 71 Ohio St.3d 443, 448. In the instant case, we cannot say that the jury clearly lost its way in finding that Defendant acted with the purpose to hinder the officer's investigation.
 {¶ 21} The charges against defendant stem from events that occurred on October 17, 2004. On that day, Brittney Davis' car was broken into, her purse was stolen, and her credit cards were used. Detective Fred Stevens of the Akron Police Department investigated the theft. During the course of his investigation, he learned that a man known as "Blow" was involved. Detective Stevens was also led to believe that Defendant may have been involved in some tangential way. On December 6, 2004, Detective Stevens interviewed Defendant in person, trying to ascertain who "Blow" was, and it is that conversation that formed the basis of the charges against Defendant.
 {¶ 22} During Detective Stevens' meeting with Defendant, Defendant denied knowing anything about stolen credit cards; he denied knowing any of the known passengers of the vehicle, and he denied knowing anyone named Blow. Defendant told Detective Stevens that "he didn't know any Blow." According to Detective Stevens' testimony, eventually Defendant stated "well, it might be a Steve Jackson." Detective Stevens then, after conducting an investigation as to the identity and whereabouts of Steve Jackson, discovered that he was in jail, and could not have been in the car on the date in question.
 {¶ 23} Further investigation led Detective Stevens to discover that Defendant was, in fact, in the vehicle on the date in question; a fact which Defendant later admitted himself. Detective Stevens at that point also told Defendant that Steve Jackson was not Blow, and if Defendant had any information he was to contact him. Eventually, Detective Stevens learned that Blow was a man named Joseph Hill. Defendant and Joseph Hill are related, and Mr. Hill stated to Detective Stevens that he had told Defendant about the stolen credit cards.
 {¶ 24} As we mentioned above, we may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented weighs heavily in favor of an appellant. State v. Otten, 33 Ohio App.3d at 340. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. Sykes Constr. Co. v.Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6. In the instant case, the evidence presented at trial convinced the jury that Defendant was guilty of obstructing justice. We decline to reverse Defendant's conviction as being against the manifest weight of the evidence; we do not find that the jury clearly lost its way. Defendant's third assignment of error is overruled.
 {¶ 25} We overrule Defendant's three assignments of error and affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. concurs.
Carr, J. concurs in Judgment Only.