DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Vaughn Parker has appealed from his convictions in the Summit County Court of Common Pleas of aggravated burglary, criminal damaging or endangering, and aggravated menacing. This Court affirms.
 I {¶ 2} On March 2, 2006, Defendant-Appellant Vaughn Parker was indicted in the Summit County Court of Common Pleas on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of criminal damaging or endangering, in violation of R.C.2909.06(A)(1), *Page 2 
a misdemeanor of the first degree; one count of menacing by stalking, in violation of R.C. 2903.211(A), a misdemeanor of the first degree; and one count of aggravated menacing, in violation of R.C.2903.21, a misdemeanor of the first degree. On March 3, 2006, Appellant pled not guilty to the charges in the indictment.
 {¶ 3} A jury trial commenced on May 16, 2006, and on May 18, 2006 the jury returned guilty verdicts on the charges of aggravated burglary, criminal damaging or endangering, and aggravated menacing. On June 14, 2006, the trial court sentenced Appellant to three years incarceration for the crime of aggravated burglary; six months incarceration for the crime of criminal damaging or endangering; and six months incarceration for the crime of aggravated menacing. The trial court ordered the sentences to be served concurrently.
 {¶ 4} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"DEFENDANT'S CRIMINAL RULE 29 MOTIONS SHOULD HAVE BEEN GRANTED BECAUSE THE RECORD DOES NOT CONTAIN ANY TESTIMONY OF THREATS OR ATTEMPT TO CAUSE PHYSICAL HARM TO ANY PERSON, THUS THE CONVICTIONS FOR AGGRAVATED BURGLARY AND AGGRAVATED MENACING WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred in overruling his Crim.R. 29 motion. Specifically, Appellant has *Page 3 
argued that his convictions for aggravated burglary and aggravated menacing were not supported by sufficient evidence. This Court disagrees.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Accordingly, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia
(1979), 443 U.S. 307, 319.
 {¶ 7} Appellant was convicted of aggravated burglary, in violation of R.C. 2911.11(A)(1), which provides in pertinent part:
 "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]" *Page 4 
Appellant was also convicted of aggravated menacing, in violation of R.C.2903.21(A), which provides:
 "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
On appeal, Appellant has solely argued that the record is devoid of evidence that he inflicted, attempted to inflict, or threatened to inflict physical harm on any person in the residence. As such, Appellant has argued that insufficient evidence existed to satisfy the "physical harm" elements of aggravated burglary and aggravated menacing. This Court disagrees.
 {¶ 8} Stacy Epps, Appellant's former girlfriend and the victim, testified that on February 16, 2006, she heard a loud "thud" and Appellant appeared in her bedroom. Epps testified that Appellant stated "I'm about to kill this bitch." Epps testified that she had known Appellant to carry a gun and that given his statements and stalking, she firmly believed he was going to hurt her.
 {¶ 9} The defense declined to put on a case, and thus Epp's statement was not refuted. This Court concludes that, when viewing the evidence in a light most favorable to the prosecution, the above testimony was sufficient to overcome a Crim.R. 29 motion. Epps' testified that Appellant threatened to kill her, a statement which more than satisfies the "threatens to inflict physical harm" element of aggravated burglary as well as the belief "that offender will cause serious physical harm" element of aggravated menacing. Appellant did not refute *Page 5 
Epps' testimony. It is clear to this Court that the issue of whether Epps' was credible was properly for the jury to determine. This Court concludes that "any rational trier of fact could have found the essential elements of the crime" given the above testimony. Accordingly, the trial court did not err when it denied Appellant's Crim.R. 29 motion.
 {¶ 10} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT COMMITTED PLAIN ERROR BY SENTENCING DEFENDANT TO SIX MONTHS OF INCARCERATION ON A SECOND DEGREE MISDEMEANOR."
 {¶ 11} In his second assignment of error, Appellant has argued that the trial court erred in sentencing him to six months incarceration on the charge of first degree misdemeanor criminal damaging or endangering when in reality, he had been convicted of second degree misdemeanor criminal damaging or endangering, punishable by up to ninety days in prison. This Court declines to address Appellant's second assignment of error.
 {¶ 12} The Ohio Supreme Court has held that "[w]here a defendant, convicted of a criminal offense, has * * * completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."State v. Berndt (1987), 29 Ohio St.3d 3, 4, quoting State v. Wilson
(1975), 41 Ohio St.2d 236, syllabus. See also State v. *Page 6 McCombs, 9th Dist. No. 22837, 2006-Ohio-3289, at ¶ 16. In State v.Payne, 9th Dist. No. 21178, 2003-Ohio-1140, this Court found that the appellant would not suffer any collateral disability or loss of civil rights where the six month misdemeanor assault sentence ran concurrently with a longer felony sentence and the misdemeanor sentence had been fully served. Id. at ¶ 12.
 {¶ 13} Likewise, in the present case, Appellant will suffer no collateral disability or loss of civil rights from his conviction of misdemeanor criminal damaging. He was sentenced to six months incarceration, to run concurrent with the longer felony sentences, and he has served the six month sentence in its entirety. Accordingly, we decline to address Appellant's second assignment of error. See, e.g.,State v. Tran, 9th Dist. No. 22910, 2006-Ohio-4463; McCombs, supra.
 III {¶ 14} Appellant's first assignment of error is overruled. This Court declines to address Appellant's second assignment of error as it is moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1