DECISION
{¶ 1} Defendant-appellant Andre Bromfield appeals his adjudication of delinquency for receiving stolen property. We affirm the trial court's judgment.
 I. A Ride in an Obviously Stolen Car {¶ 2} One night in November 2002, police officers observed an automobile that had been reported stolen. They followed it for a short while, and the car stopped. The three occupants ran away. One of the officers identified Bromfield as the front-seat passenger, but the officers could not catch him. The officers caught one of the other occupants, who then identified Bromfield as having been in the car with him. The officers then went to Bromfield's home and arrested him.
 {¶ 3} During the bench trial, one witness testified that he was the driver of the stolen car and that he and Bromfield had driven around in the car for over an hour. He also testified that Bromfield knew that the car was stolen. An officer testified that the ignition had been pulled out of the steering column and that there was a screwdriver on the floor.
 {¶ 4} In his defense, Bromfield testified that he was never in the stolen car. But the trial court found him guilty, imposed a six-month suspended sentence in the Department of Youth Services, and placed him on probation.
 {¶ 5} In his sole assignment of error, Bromfield now asserts that the evidence was insufficient to support an adjudication of delinquency.
 II. Legal Standards {¶ 6} Whether evidence is sufficient to sustain a conviction is a question of law.[1] The standard for reviewing sufficiency is whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution.[2] A conviction based on insufficient evidence constitutes a denial of due process.[3]
 {¶ 7} For a receiving-stolen-property offense, the state must prove beyond a reasonable doubt that the defendant received, retained, or disposed of property that the defendant knew was stolen.[4] And one who acts in complicity with another in committing an offense is guilty of that offense.[5]
Complicity includes aiding and abetting.[6]
 III. Confusion in the Courts {¶ 8} Ohio courts have not been entirely consistent in determining whether a passenger in a stolen car can be found guilty of receiving stolen property. Some courts have held that mere association with the principal offender is insufficient to convict a defendant as an aider and abettor.[7] But others have allowed convictions of passengers to stand[8] This apparent conflict can be resolved by examining the facts of the cases.
 {¶ 9} The Eighth Appellate District has held, on certain facts, that a passenger cannot be convicted of receiving stolen property. In State v. Sims,[9] the court reversed the passenger's conviction because there was no evidence that the passenger was involved in the theft and because the police stopped the car immediately after Sims had entered it. And inState v. Dobson,[10] the court reversed the passenger's conviction based on Sims and also because the passenger had no knowledge that the vehicle was stolen.
 {¶ 10} But the Eighth Appellate District has also ruled that passengers in stolen vehicles can be found guilty of receiving stolen property. Prior to Sims, the court affirmed a conviction where the defendant was a passenger in an obviously stolen vehicle and yelled, "Hey, let's get the hell out of here," when an officer approached the vehicle.[11] After Sims — but prior to Dobson — the court affirmed a conviction where the evidence showed that the defendant had participated in the theft of the vehicle.[12] The court held that the state did not need to prove that the defendant had actually driven the car; even if the defendant was just a passenger, he was not relieved of criminal liability.[13] In another case, the court held that mere presence in the vehicle was not enough, but when presence was combined with evidence that the steering column had been peeled and the door lock was broken, there was sufficient evidence to support a conviction.[14] And in a 2002 decision, the court affirmed the passenger's conviction where he had reasonable cause to believe that the car was stolen and urged the driver to elude the police.[15]
 {¶ 11} Other districts have been more consistent in affirming the convictions of passengers for receiving stolen property. InState v. Butler, the Third Appellate District affirmed the conviction of a back-seat passenger where he had reasonable cause to believe that the car was stolen.[16] In State v.Hamman, the Sixth Appellate District distinguished Sims based on the length of time the passenger was in the car, his knowledge that the car was stolen, and his continued association with the driver of the stolen vehicle.[17] In In re Bickley, the Ninth Appellate District held that a passenger's riding in a van he knew to be stolen, combined with his running and hiding when the police approached, was sufficient to support a finding of delinquency for receiving stolen property.[18] And in Inre Windle, the Tenth Appellate District held that a passenger's use of a stolen vehicle for transportation, combined with the knowledge that the car was stolen, amounted to receiving stolen property.[19]
 {¶ 12} What we glean from these cases is that mere presence in a stolen vehicle is never sufficient to convict for receiving stolen property. The passenger must have reasonable cause to believe that the vehicle is stolen and either remain for some time in the vehicle after that knowledge or participate or aid in the theft itself. And because the present case is more analogous to these latter cases, it is easily distinguished from Sims.
 IV. Proving the Elements of the Crime {¶ 13} When the evidence in this case is viewed in the light most favorable to the prosecution, the record reflects that Bromfield knew that he was riding in a stolen car. The driver testified to this, and the officer testified that someone had removed the ignition from the steering column. Both the driver and the officer testified that Bromfield had run away with the others when the officers approached the stolen vehicle. This constituted sufficient evidence of Bromfield's knowledge that the car was stolen.
 {¶ 14} The statute does not define "receive" or "retain." But Webster's Third New International Dictionary defines "receive" as "to take possession or delivery of."[20] And it defines "retain" as "to hold or continue to hold in possession or use: continue to have, use, recognize, or accept."[21] Several courts have held that where a passenger used a stolen vehicle for transportation or for his own personal entertainment, the passenger received and retained that vehicle.[22] We agree with that assessment.
 {¶ 15} A passenger's use of a stolen vehicle for transportation, combined with his running and hiding when police approach, amounts to sufficient circumstantial evidence that the passenger aided and abetted the driver.[23]
 {¶ 16} Bromfield did use the stolen car for transportation, and he did flee when the police approached. Further, Bromfield was in the car for at least an hour. During that time, he had ample opportunity to end his association with the crime. Instead, he chose to continue riding in the stolen car.
 {¶ 17} Based on the foregoing, reasonable minds could have found that Bromfield had either "retained" the stolen vehicle or aided and abetted the driver in receiving stolen property. We therefore overrule Bromfield's sole assignment of error.
 {¶ 18} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Doan and Hildebrandt, J., concur.
[1] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[2] Id.
[3] Id.
[4] R.C. 2913.51(A).
[5] R.C. 2923.03(F).
[6] R.C. 2923.03(A)(2).
[7] See, e.g., State v. Sims (1983), 10 Ohio App.3d 56,460 N.E.2d 672; State v. Dobson (July 5, 2001), 8th Dist. No. 78336.
[8] See, e.g., State v. McCree (Dec. 24, 1981), 8th Dist. No. 43559; State v. Trammell (Feb. 4, 1988), 8th Dist. No. 53839;State v. Singleton (Feb. 27, 1992), 8th Dist. No. 59904; In reWindle (Dec. 2, 1993), 10th Dist. No. 93AP-746; State v.Butler (Nov. 7, 1991), 3rd Dist. No. 9-91-4; In re Bickley
(June 23, 1993), 9th Dist. No. 15974; State v. Hamman (Feb. 26, 1999), 6th Dist. No. H-98-015; State v. Smith, 8th Dist. No. 79527, 2002-Ohio-2145.
[9] (1983), 10 Ohio App.3d 56, 460 N.E.2d 672.
[10] (July 5, 2001), 8th Dist. No. 78336.
[11] State v. McCree (Dec. 24, 1981), 8th Dist. No. 43559.
[12] State v. Trammell (Feb. 4, 1988), 8th Dist. No. 53839.
[13] Id.
[14] State v. Singleton (Feb. 27, 1992), 8th Dist. No. 59904.
[15] State v. Smith, 8th Dist. No. 79527, 2002-Ohio-2145.
[16] (Nov. 7, 1991), 3rd Dist. No. 9-91-4.
[17] (Feb. 26, 1999), 6th Dist. No. H-98-015.
[18] (June 23, 1993), 9th Dist. No. 15974.
[19] (Dec. 2, 1993), 10th Dist. No. 93AP-746.
[20] (1993), 1894.
[21] Id. at 1938.
[22] In re Windle (Dec. 2, 1993), 10th Dist. No. 93AP-746;State v. Smith, 8th Dist. No. 79527, 2002-Ohio-2145.
[23] In re Bickley (June 23, 1993), 9th Dist. No. 15974.