DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Thomas Ashby, appeals from the decision of the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On January 20, 2006, Appellant was indicted on one count of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1), one count of importuning, in violation of R.C.2907.07(D)(2), one count of attempted unlawful sexual conduct with a minor, in violation of R.C.2923.02 and R.C. 2907.04(A), and possession of criminal tools, in violation of R.C. 2923.24(A). The charges stem from sexually explicit communication and *Page 2 
solicitation in which Appellant engaged with Sergeant Gary Hubbard ("Hubbard") of the Medina County sheriff's office while Hubbard was posing as a minor.
 {¶ 3} On December 28, 2005, Appellant contacted Hubbard by instant message. During the conversation, Hubbard identified himself as a 15 year-old girl, living in Medina, Ohio. Appellant stated that he was a 21 year-old male, living in Pennsylvania. The conversation soon turned sexual, with Appellant emailing Hubbard digital images portraying a minor engaging in sexual acts. Appellant asked Hubbard if he would like to have sex with him, booked a room at a local hotel, and gave Hubbard his cell phone number. In a subsequent instant message session, Appellant informed Hubbard that he had made a room reservation and sent Hubbard the room confirmation number. Hubbard then called the hotel and confirmed that a room had been reserved in Appellant's name. From this information, Hubbard and the Medina County sheriffs office prepared to confront Appellant when he arrived on December 29, 2005. Appellant did not arrive at the designated time. Appellant stated that he got lost and was "subconsciously" frightened. He informed Hubbard that he would come the next day. The next day, through cell phone calls, Hubbard learned that Appellant would be arriving in Medina and was driving a white, four-door Oldsmobile. Upon Appellant's arrival, police confronted and arrested him. On January 27, 2006, he pled not guilty to all the charges. Following a jury trial, Appellant was found guilty on all four counts. The trial court sentenced him to four years in *Page 3 
prison, to run consecutive to a prison term imposed in Pennsylvania on other charges. Appellant timely appealed from his conviction and sentence, raising nine assignments of error for our review. We have combined several of Appellant's assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN NOT GRANTING [APPELLANT'S] MOTION TO DISMISS COUNT #1, [R.C.] 2907.322(A)(1) PANDERING SEXUALLY ORIENTED MATERIAL INVOLVING A MINOR (F2) IN THAT THE STATUTE IS UNCONSTITUTIONALLY OVERBROAD AND VAGUE."
 {¶ 4} In his first assignment of error, Appellant contends that the trial court erred in not granting his motion to dismiss count one under R.C. 2907.322(A)(1) because the statute is unconstitutionally vague and overbroad. Specifically, Appellant asserts that this provision unlawfully permits prosecution for possession of virtual pornography. In support, Appellant relies upon Ashcroft v. Free Speech Coalition (2002),535 U.S. 234. This Court finds that Appellant's contention lacks merit.
 {¶ 5} When reviewing Appellant's claim that the trial court erred in denying his motion to dismiss, this Court applies the de novo standard of review to questions of law. Akron v. Hicks, 9th Dist. No. 21961,2004-Ohio-5685, at ¶ 7, citing State v. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, at *4. *Page 4 
 {¶ 6} We are mindful that Appellant's assignment of error provides a roadmap for the Court's analysis of the trial court's judgment. See App.R. 16. We note at the outset that while Appellant states in his assignment of error that R.C. 2907.322(A)(1) is vague, he does not assert any argument in support of this contention. Additionally, we note Appellant mentions in his argument that the statute violates the due process clause as well as the commerce clause, but does not separately assign error to these issues. Therefore, we will only address Appellant's overbreadth argument as it is the only argument that meets the requirements of the appellate rules. See App.R. 16, see also, Loc.R. 7(B)(7).
 {¶ 7} Appellant has urged this Court that the holding ofAshcroft mandates a finding that R.C. 2907.322(A)(1) is unconstitutional due to overbreadth. R.C. 2907.322(A)(1) states in relevant part that, "[n]o person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]"
 {¶ 8} We note that:
 "A clear and precise enactment may * * * be overbroad if in its reach it prohibits constitutionally protected conduct. In considering an overbreadth challenge, the court must decide whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments.
 "Only a statute that is substantially overbroad may be invalidated on its face. In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity. Nevertheless, *Page 5 
criminal statutes that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application. A statute is substantially overbroad if it is `susceptible of regular application to protected expression." (Internal citations omitted) Akron v. Rowland (1993), 67 Ohio St.3d 374, 386-387.
 {¶ 9} This Court has previously held that R.C. 2907.322 is not unconstitutionally overbroad. See State v. Morris, 9th Dist. No. 04CA0036, 2005-Ohio-599, at ¶ 10-18. Appellant has asked us to revisit this decision in light of our sister district's decision in State v.Tooley, 11th Dist. No. 2004-P-0064, 2005-Ohio-6709. We decline to do so.
 {¶ 10} In Ashcroft, the U.S. Supreme Court invalidated two provisions of the Child Pornography Prevention Act of 1996 ("CPPA") utilizing the overbreadth doctrine. See Ashcroft, 535 U.S. 234. The provisions at issue in Ashcroft prohibited possession of any visual depiction that "`is, or appears to be, of a minor engaging in sexually explicit conduct.'" Id. at 241, quoting 18 U.S.C. § 2256(8)(B). This range of prohibited materials was deemed "`virtual child pornography.'" Id. The Court held that the rationale utilized to support prohibiting the possession of child pornography was not applicable in cases of virtual child pornography, because there was no victim in those cases. Id. at 250.
 {¶ 11} However, there is no question that the State can ban possession of child pornography. See New York v. Ferber (1982), 458 U.S. 747. InFerber, the Court noted that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." Id. at 757. As *Page 6 
such, a prohibition on possession of child pornography is justified because "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." Id. at 758.
 {¶ 12} We recognize at the outset that acts of the General Assembly "enjoy a strong presumption of constitutionality." State v. Gill (1992),63 Ohio St.3d 53, 55. Additionally, R.C. 2907.322 is distinguishable from the CPPA provisions, because it only applies to pornography created using real children. State v. Eichorn, 5th Dist. No. 02CA953, 2003-Ohio-3415, at ¶ 24. There is no indication that the provision contained in R.C. 2907.322(A)(1) was intended to encompass virtual child pornography.
 {¶ 13} The mandate of the U.S. Supreme Court is clear that a defendant may not be convicted of possession of virtual child pornography. SeeAshcroft, 535 U.S. 234. However, as Ohio's statutes do not attempt to punish such conduct, its statute does not contain the same shortcomings as the CPPA. Ohio's child pornography statutes simply do not attempt to punish virtual child pornography. Accordingly, the statute at issue does not "make unlawful a substantial amount of constitutionally protected conduct[.]" Houston v. Hill (1987), 482 U.S. 451, 459. As such, R.C.2907.322(A)(1) is not unconstitutionally overbroad. Appellant's first assignment of error is overruled. *Page 7 
 ASSIGNMENT OF ERROR II "APPELLANT'S CONVICTION OF [R.C.] 2907.322 PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BASED UPON INSUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED IN NOT GRANTING A RULE 29 ACQUITTAL."
 ASSIGNMENT OF ERROR III "APPELLANT'S CONVICTION OF [R.C.] 2907.04(A) ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BASED UPON INSUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED IN NOT GRANTING A RULE 29 ACQUITTAL."
 ASSIGNMENT OF ERROR IV "APPELLANT'S CONVICTION OF [R.C.] 2907.07(D)(2) IMPORTUNING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BASED UPON INSUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED IN NOT GRANTING A RULE 29 ACQUITTAL."
 {¶ 14} Appellant argues that the trial court committed error when it denied his Crim.R. 29 motion for acquittal. Specifically, Appellant argues that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.
 {¶ 15} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley *Page 8 
(Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 390. Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 16} Therefore, we will address Appellant's claims that his convictions were against the manifest weight of the evidence first, as they are dispositive of Appellant's claims of insufficiency.
 {¶ 17} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 18} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2907.322-Pandering Sexually Oriented Matter Involving aMinor: {¶ 19} In the present case, Appellant was found guilty of R.C.2907.322, which states, in pertinent part: "No person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, record, photograph, film, *Page 9 
develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]" Appellant argues that the State had to prove that the image contained actual or real children and that Appellant had knowledge that the children were actual or real. Appellant also urges this Court to find that the term "publish" does not include sending a digital image from one person to another.
 {¶ 20} Appellant first argues that State failed to prove that the children depicted in their evidence were real children as opposed to virtually created children. Appellant does not dispute that the images depicted minors, only whether those minors were real or virtual. As we noted above, Ashcroft requires the minors depicted to be actual children, and not merely virtual, or computer-generated, images of children. Ashcroft, 535 U.S. at 250. It appears Appellant contends that the State failed to prove, by credible expert testimony, that the images in this case were of actual minors. We do not agree.
 {¶ 21} Appellant's contention would require this Court to impose an extreme burden upon Ohio's child pornography laws. Under his argument,
 "the State could only constitutionally convict a defendant of possession of child pornography through two methods: 1) identifying the child depicted and verifying the child's age, or 2) soliciting expert testimony that the child depicted is a minor and that the image in question had not been digitally altered. Under the first scenario, the State would have nearly no avenue with which to convict a defendant when the defendant has used the anonymity of the Internet to obtain child pornography. In the second scenario, circumstantial evidence that the images contain minors would be of little value without the State calling an expert to dispel any *Page 10 
possibility, however remote, that the images in question were digitally altered. This Court declines to read such a burden into Ohio's child pornography laws." Morris, supra, at ¶ 17.
In the instant case, the State introduced into evidence several pornographic images. We find that the images in this case are capable of speaking for themselves. State v. Steele, 12th Dist. No. CA2003-11-276,2005-Ohio-943, at ¶ 22., citing State v. Gann, 154 Ohio App.3d 170,2003-Ohio-4000, at ¶ 42. "[W]hile we recognize that computer technology is constantly advancing, we are not persuaded that juries are no longer able to distinguish between a computer generated image and an image of an actual child." Steele, supra, at ¶ 24. The jury could find from the images themselves that the depicted minors were actual children rather than virtual children. Furthermore, coinciding with these images are statements made by Appellant regarding the 15 year-old "neighbor girl on top of me." He informed Hubbard that the photo was taken the year before, when the girl was 15. Appellant earlier informed Hubbard that he was 21. In the instant case, the jury could find from Appellant's statements regarding the age of the minors in the images that he knew the photos depicted minors and that he knew them to be actual children.
 {¶ 22} Appellant next argues that the jury finding that he did "[c]reate, record, photograph, film, develop, reproduce, or publish" the images in question was against the manifest weight of the evidence. Appellant's contention that the term "publish" does not include sending a digital image from one person to *Page 11 
another is without merit. Appellant has failed to cite to any legal authority to support this contention, therefore we will disregard it. See App. R. 16(A)(7) and App.R. 12(A)(2). Accordingly, we do not find that Appellant's conviction for pandering sexually oriented matter involving a minor was against the manifest weight of the evidence.
R.C. 2907.04(A)-Attempted Unlawful Sexual Conduct with a Minor/R.C.and 2907.07fDK2Hmportuning: {¶ 23} Appellant was found guilty of attempted unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and of importuning, a violation of R.C. 2907.07(D)(2). R.C. 2907.04(A) states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.07(D)(2) states that
 "[n]o person shall solicit another by means of a telecommunications device * * * to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * the other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 24} In regards to Appellant's convictions for attempted unlawful sexual conduct and importuning, Appellant alleges the State failed to present evidence to *Page 12 
support a finding that the victim was a person age 13 to 16, and that Appellant was over 18. "We note that under these statutory provisions, the inquiry is not whether the offender knew or believed he was dealing with an actual child but rather whether the offender knew or believed the child was 13 to 15 years old[.]" State v. Lobo, 12th Dist. No. CA2004-03-063, 2004-Ohio-5821, at ¶ 16 (finding that the appellant knew or believed he was communicating with a 14 year old "child," and, as such, his conviction for importuning was supported by sufficient evidence and not against the manifest weight of the evidence). The applicable mens rea under R.C. 2907.07(D)(2) is whether Appellant subjectively "believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard[.]" Therefore, for purposes of this section, the culpable mens rea requirement is met if the State proves that the offender believes, or is reckless in that regard, that he is talking to a child, despite the fact that the "child" is actually a police officer impersonating a child.
 "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 25} In the case at bar, soon after initiating the conversation with Hubbard, Appellant asked Hubbard how old [she] was. Hubbard replied that [she] was 15. It is clear that within the first five minutes of communication, Hubbard *Page 13 
told Appellant twice [she] was only 15. Soon after, Appellant asked Hubbard if [she] was looking for an older guy. During the ensuing conversations, Hubbard made many references to being on winter break from school, asking [her] mother if [she] could spend the night at a friend's house, and that [she] was babysitting while [her] mother was at work. Based on the foregoing, we find that Appellant knew or believed Hubbard was a 15 year-old girl or was reckless in that regard. With regard to Appellant's contention that the State did not prove that he was over 18, during a videotaped interview conducted by Hubbard, Appellant stated his date of birth was July 1, 1959. This videotape was presented to the jury and admitted as evidence. Clearly, the jury was made aware of Appellant's age. This is not a case where the evidence weighs heavily in favor of reversal. Therefore, Appellant's second, third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO INTRODUCE AND SOLICIT WITNESS TESTIMONY REGARDING [APPELLANT'S] PRIOR ACTS."
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE OR DECLARE A MISTRIAL AS SANCTION FOR THE STATE'S FAILURE TO DISCLOSE EXCULPATORY EVIDENCE PRIOR TO TRIAL."
 ASSIGNMENT OF ERROR VII "THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE DEFINITION OF `PERSON' AS REQUESTED BY [APPELLANT]." *Page 14 
 ASSIGNMENT OF ERROR VIII "THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE DEFINITION OF `PUBLISH' AS REQUESTED BY [APPELLANT]."
 ASSIGNMENT OF ERROR IX "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE IN EXCESS OF THE MINIMUM TERM OF INCARCERATION FOR HIS CONVICTIONS."
 {¶ 26} We note that in Appellant's fifth, sixth, seventh, eighth and ninth assignments of errors, he has failed to provide this Court with any citations to the record which would support his arguments. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App. R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v.Cox (1996), 114 Ohio App.3d 41, 60. This Court may disregard arguments if an appellant fails to identify the relevant portions of the record upon which the errors are based. See App.R. 12(A)(2). See also,Smith v. Akron Hous. Appeals Bd. of Dept. of Pub. Health, 9th Dist. No. 21103, 2003-Ohio-93. Appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his arguments in support. Angle v. Western Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, *Page 15 
1997), 9th Dist. No. 96CA0086, at *2. See also, App.R. 16(A)(7). Here, Appellant has failed to point out to this Court the evidence regarding his prior acts that the trial court allegedly erred in admitting. Similarly, Appellant has cited no legal authority regarding the alleged exculpatory evidence, nor provided any citations to the record. Further, Appellant has neglected to inform this Court where in the record he objected to the trial court's jury instructions, nor inform this Court of any proposed jury instructions he submitted that the trial court denied. Lastly, not only has Appellant neglected to set forth any legal arguments regarding his contention that he was entitled to a minimum sentence on "each of [his] convictions[,]" he has also failed to inform this Court as to the sentences that were actually imposed. As Appellant's arguments fail to comply with the foregoing appellate rule requirements, he has failed to meet his burden on appeal. We are unable to conclude that the trial court erred and decline to address these arguments.
 III. {¶ 27} Appellant's assignments of errors are overruled. The judgment of the Medina Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. *Page 16 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARLA MOORE FOR THE COURT
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1