DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Tyrone Johnson, appeals his conviction for receiving stolen property and obstructing official business in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On June 9, 2006, Defendant was indicted for one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree, and one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree, after he and another man (JC Devar Sanders) fled from a stolen vehicle. On October 26, 2006, the case was tried to a jury who convicted Defendant on both counts. The trial court sentenced Defendant to 12 *Page 2 
months incarceration for receiving stolen property and 90 days for obstructing official business, which sentences were to run concurrently.
 {¶ 3} Defendant timely appealed his conviction raising three assignments of error.
 Assignment of Error One "The trial court committed reversible error when it denied [Defendant's] motion for judgment of acquittal under Crim.R. 29."
 Assignment of Error Two "[Defendant's] conviction was against the manifest weight of the evidence."
 {¶ 4} Defendant argues that the trial court erred in refusing to consider his Crim.R. 29 motion for acquittal at the close of all of the evidence where he did not make such a motion at the close of the state's case and instead made such motion at the close of all of the evidence. Defendant further asserts that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 5} We begin by noting that despite the fact that Defendant did not move the trial court for acquittal at the end of the State's case, we will address his sufficiency error per our decision in State v.Thornton, 9th Dist. No. 23417, 2007-Ohio-3743.
 {¶ 6} "`While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge *Page 3 
questions whether the state has met its burden of persuasion.'"State v. Ashby, 9th Dist. No. 06CA0077-M, 2007-Ohio-3118, at ¶ 15, quoting State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3 d 380, 390, Cook, J., concurring. Further, "`[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.'"Ashby at ¶ 15, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 7} Therefore, we will address Defendant's claims that his convictions were against the manifest weight of the evidence first, as they are dispositive of Defendant's claims of insufficiency.
 {¶ 8} When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} Defendant asserts that he got into the stolen car with co-defendant Sanders, not knowing the vehicle was stolen. The State argues that the conviction *Page 4 
on both counts is supported by the evidence and alternatively, that any appeal of Defendant's conviction for obstruction of official business is moot in that the sentence imposed was to be served concurrently with the sentence imposed for receiving stolen property and Defendant has already completed his sentence.
 {¶ 10} "[Where a] Defendant has completed his sentence for both of his convictions[,] Defendant's assignment of error as it pertains to his conviction for obstructing official business is * * * moot." State v.McCombs, 9th Dist. No. 22837, 2006-Ohio-3289, at ¶ 16. If a defendant has completed his sentence, "`an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."` State v. Berndt (1987),29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. Defendant has not established that he will suffer some collateral disability or loss of civil rights as a result of his misdemeanor conviction. Thus, Defendant's assignments of error, as they pertain to his conviction for obstruction of official business, are moot and will not be discussed. See McCombs at ¶ 16.
 {¶ 11} Defendant has also completed his sentence for receiving stolen property, a felony of the fourth degree. However, Defendant's appeal challenging his felony conviction is not moot even though he has satisfied his sentence. "[A] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. *Page 5 Golston (1994), 71 Ohio St.3d 224, 227. Thus, we will address Defendant's appeal from his felony conviction for receiving stolen property. See McCombs at ¶ 17.
 {¶ 12} Based on a review of the record, this Court finds it reasonable that the jury could have believed the testimony and evidence proffered by the State.
 {¶ 13} Defendant was convicted of receiving stolen property and obstruction of official business. R.C. 2913.51(A) states that, "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ l4} "`Possession of stolen property for purposes of the receiving stolen property statute, R.C. 2913.51, may be constructive as well as actual. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" State v.Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 14, quoting State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982),459 U.S. 870. "Possession of stolen property may be individual or joint. [Moreover], control or dominion may be achieved through the instrumentality of another." State v. Wolery (1976), 46 Ohio St.2d 316,332, certiorari denied (1976), 429 U.S. 932. *Page 6 
 {¶ 15} A passenger in a vehicle may be convicted for receiving stolen property where there is evidence the passenger knew the vehicle was stolen and fled from the police. See In re Bickley (June 23, 1993), 9th Dist. No. 15974, at *2; Matter of Windle (Dec. 2, 1993), 10th Dist. No. 93AP-746, at *2. While "[m]ere presence in a stolen vehicle is never sufficient to convict for receiving stolen property," if the passenger has "reasonable cause to believe that the vehicle is stolen and either remain[s] for some time in the vehicle after that knowledge or participate[s] or aid[s] in the theft itself[,]" a conviction for receiving stolen property can stand. In re Bromfield, 1st Dist. No. C-030446, 2004-Ohio-450, at ¶ 12.
 {¶ 16} The jury heard testimony from three witnesses. The State produced Leona Spoerndle, the victim, and Steven Hankins, the investigating officer. The defense produced Dorothy Johnson, Defendant's mother. Defendant did not testify in his own defense.
 {¶ 17} Ms. Spoerndle was the owner of the vehicle stolen by Defendant and/or JC Devar Sanders. Her vehicle was classified as totaled by the insurance company due to damage caused by the theft. Ms. Spoerndle reported her car stolen on June 6, 2006. She did not know Defendant or Mr. Sanders and had not given anyone permission to drive her car. She did not see anyone steal it. The driver's side window and the steering column were in tact before the car was stolen. *Page 7 
 {¶ 18} Ms. Spoerndle testified that after the police recovered her car, she went to the junkyard and retrieved some of her personal belongings. The lock on the trunk was "popped." The interior of the car was wet and filled with glass. Some personal belongings were missing.
 {¶ 19} Steven Hankins was the investigating officer. Officer Hankins testified that on the night in question, he and his partner were heading to a parking lot on Raymond Street in Akron because they had received information about possible drug activity there. While sitting at the stop sign on Raymond Street, they saw a four door car with two occupants in the front seat pull out of the parking lot onto Raymond Street. The car immediately stopped and backed up in to the parking lot. The officers quickly drove towards the parking lot and saw a male with a black and white shirt walking away from the driver's side of the car. Officer Hankins and his partner ran opposite directions around the building situated on the parking lot. He observed both suspects running toward him. The officer identified one of the suspects he had seen walking away as Defendant and identified him in the courtroom.
 {¶ 20} The officer testified that Defendant admitted he had been a passenger in the car and to running away from the police, but offered no explanation as to why he ran, why he was in the car or how he knew Mr. Sanders.
 {¶ 21} The officer observed that the driver's side window of the car was broken out and glass was on the seat in plain view. He observed that the bottom *Page 8 
part of the ignition was clearly and obviously broken and they keyhole was damaged. The officer observed this damage through both the driver and passenger windows without getting into the car. The keys to the vehicle were not found on either of Defendant or Mr. Sanders, although Mr. Sanders did have a pair of gloves and a screwdriver, which are objects typically used to start a vehicle without a key.
 {¶ 22} On cross-examination, the officer admitted he and his partner could not see who was driving the car. He also admitted that after the car backed into the parking lot his view of the doors to the vehicle was obstructed by bushes, although he could at all times see the car. The officer used a flashlight to investigate the interior of the car and admitted that someone sitting in the driver's seat of the car could have been sitting on the broken glass thereby covering it up. He had a better view of the steering column damage from the driver's side window and the keyhole damage from the passenger side window. The officer did not take pictures of the car because at that time they were not certain the Defendant and/or Mr. Sanders had stolen it. Defendant was not arrested at the scene. The officer did not get into the passenger side of the vehicle to attempt to see the damage from the passenger's perspective.
 {¶ 23} Dorothy Johnson was the Defendant's mother. Defendant lived on her property on the date in question. She testified that Defendant was home all day but left the house that evening with other people in an unknown vehicle. She *Page 9 
could describe neither the vehicle nor the people. Defendant called her later that evening after it was dark, not a long time after he had left about the incident.
 {¶ 24} Defendant argues that he got into the car driven by Mr. Sanders without knowing the vehicle was stolen. He maintains that the broken window was not obvious because the window could have logically been down on a warm June evening and Mr. Sanders was sitting on the broken glass. The Defendant further asserts that he did not have clear view of the damaged steering column in the poor lighting.
 {¶ 25} Upon review of the evidence, we cannot say that the jury lost its way in finding Defendant guilty of receiving stolen property and obstruction of official business. Under the facts presented, a reasonable juror could have found that Defendant stole the vehicle himself, was with Mr. Sanders when the vehicle was stolen, or at least knew the vehicle was stolen when he got into it and/or sometime before he ran from the police. This is enough to convict him of receiving stolen property. See State v. Lombardi, 9th Dist. No. 22435,2005-Ohio-4942, at ¶ 20. Ms. Johnson's testimony does not contradict such a finding. Similarly, a reasonable jury could have also found that Defendant purposefully tried to hinder or delay the police officers from investigating the suspicious vehicle behavior by running from the scene.State v. Bolar, 9th Dist. 22145, 2005-Ohio-592, at ¶ 17. Accordingly, the trial court did not create a manifest injustice in finding Appellant guilty. *Page 10 
 {¶ 26} Defendant's first and second assignments of error are overruled.
 Assignment of Error Three "The trial court erred in failing to grant Defendant's motion for new trial."
 {¶ 27} In support of his third assignment of error, Defendant asserts on appeal that because he was convicted without sufficient evidence, the trial court erred in denying his motion for new trial. We disagree.
 {¶ 28} We initially note that the trial transcript references the court's receipt of a "pro se motion by the defendant asking for a new trial;" however that motion is not in the record for this Court to review. Thus, we must rely upon the argument on appeal, which is as set forth above appears to rely upon Crim.R. 33(A)(4), which states that,
 "A new trial may be granted on motion of the defendant * * * that the verdict is not sustained by sufficient evidence or is contrary to law."
 {¶ 29} Given our holding related to Defendant's first and second assignments of error, which held that Defendant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we find that the trial court did not abuse its discretion in denying Defendant's motion for new trial.
 {¶ 30} Defendant's third assignment of error is overruled.
Judgment Affirmed. *Page 11 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1