[Cite as *State v. Perkins*, 2011-Ohio-2705.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 13-10-36

      v.

SHAYNA R. PERKINS,
nka SHAYNA R. GONZALES,          O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 09-CR-0280

Judgment Affirmed

Date of Decision:    June 6, 2011

APPEARANCES:

    *Cindy Wolph* **for Appellant**

    *Derek W. DeVine and Gregory A. Taposci* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Shayna R. Perkins aka Shayna R. Gonzales ("Perkins") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding her guilty of complicity to aggravated trafficking in drugs and sentencing her to a mandatory sentence of four years in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 20, 2009, the Seneca County Drug Task Force – METRICH Enforcement Unit ("Task Force") conducted a controlled buy of 55 ecstasy pills through the use of a confidential informant ("CI"). The CI was equipped with a recording device and the Task Force had set up video recording equipment in the area. The buy was to take place between the CI and Peter Haslinger ("Haslinger"). The cameras recorded Perkins driving a vehicle with Haslinger in it. Then Perkins and Haslinger exited the vehicle and approached the CI where they engaged in a conversation. The video then shows the three of them walking to a shed where they disappeared from view. The sale of the ecstasy was recorded only on audio tape. Perkins and Haslinger then returned to the vehicle and left. The vehicle was subsequently stopped for following too closely to other vehicles. Perkins consented to a search of the vehicle, but no contraband was found during the search. Approximately two and a half months later, the CI was killed by law enforcement personnel in a separate criminal confrontation. Prior to

his death, the CI's services had been terminated when it was discovered that he was continuing to use drugs.

{¶3} On December 16, 2009, the Seneca County Grand Jury indicted Perkins on one count of complicity to aggravated trafficking in drugs in violation of R.C. 2923.03(A)(2) and R.C. 2925.03(A)(1)(C)(1)(d) with juvenile and forfeiture specifications. The charge was a felony of the first degree. On May 27, 2010, the State filed a motion in limine to allow the introduction of the audio and video evidence of the drug purchase. The trial court held a hearing on the motion before a bench trial began on June 6, 2010. The trial court granted the motion. The matter then proceeded to trial. At the conclusion of the trial, the trial court took the matter under advisement. On June 15, 2010, the trial court announced in open court its finding of guilt that Perkins was complicit in the aggravated trafficking in drugs. The trial court also found that the offense was committed in the vicinity of a juvenile and found that the vehicle was subject to forfeiture. On August 18, 2010, a sentencing hearing was held. The trial court ordered Perkins to serve four years in prison and ordered forfeiture of the vehicle. Perkins appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court abused its discretion and denied [Perkins] her fundamental right to a fair trial, and her Sixth Amendment rights to confrontation of witnesses, by permitting the State to**

**submit audio and video evidence obtained via use of a [CI] when the [CI] was deceased and thus no longer available for [Perkins] to confront at trial.**

### Second Assignment of Error

**The trial court abused its discretion in finding that [Perkins] was guilty of complicity beyond a reasonable doubt. Mere presence or proximity to the alleged transaction, the "context" established by the audio and video recordings, were not sufficient to prove that [Perkins] made affirmative actions meeting the definition of "aiding" or "abetting" the crime charged.**

{¶4} In the first assignment of error, Perkins alleges that the trial court erred by admitting the audio and video evidence of the drug purchase when the CI was no longer available to testify at trial. The admission of evidence is within the sound discretion of the trial court. *State v. Ray*, 189 Ohio App.3d 292, 2010-Ohio-2348, 938 N.E.2d 378. However, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The Sixth Amendment to the United States Constitution. The United States Supreme Court has held that the Confrontation Clause bars admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington* (2004), 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177. When a hearsay statement is testimonial in nature, the statement is inadmissible, regardless of its reliability and regardless of the declarant's unavailability, unless

the defendant had a prior opportunity to cross-examine the declarant. Id. at 42-60.

See also *Ray*, supra, and *State v. Nix*, 1st Dist. No. C-030696, 2004-Ohio-5502,

¶73.

> **To determine whether a statement is "testimonial," the court in *Crawford* did not precisely define the term, but listed the following examples: (1) ex parte in-court testimony or its functional equivalent, such as affidavits and prior testimony that the defendant was unable to cross-examine, or pretrial statements that declarants would reasonably expect to be used in a prosecution, (2) extra-judicial statements contained in formal testimonial materials such as depositions, prior testimony, or confessions, and (3) statements made under circumstances that would lead an objective witness to believe that the statement would be available for use at a later trial.**

*Ray*, supra at ¶32. The meaning of testimonial statements was further considered

by the U.S. Supreme Court in *Davis v. Washington* (2006), 547 U.S. 813, 126

S.Ct. 2266, 165 L.Ed.2d 224.

> **Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.**

Id. at 822. Finally, the Ohio Supreme Court has set forth the following test.

> **For Confrontation Clause purposes, a testimonial statement includes one made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." \* \* \* In determining**

> **whether a statement is testimonial for Confrontation Clause purposes, courts should focus on the expectation of the declarant at the time of making the statement; the intent of a questioner is relevant only if it could affect a reasonable declarant's expectations. This test conforms to *Crawford* and is supported by both state and federal authority. This definition also prevents trampling on other portions of hearsay law that *Crawford* expressly states do not implicate the right to confront witnesses.**

*State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, ¶36, 855 N.E.2d 834 (citations omitted).

{¶5} In this case, Perkins argues that the trial court erred in admitting the video and audio tapes made of the drug buy because the CI was not available for cross-examination. This court has previously addressed the question of whether tapes of drug purchases are testimonial evidence in *State v. Stewart*, 3d Dist. No. 13-08-18, 2009-Ohio-3411. In *Stewart*, this court held that tape recordings made of the actual drug transactions are not hearsay. Id. at ¶90. Instead, the tapes are merely being used to establish the context of a defendant's statements and not to prove the truth of the matter asserted in the statements by the CI. Id. (citing *State v. Sloan*, 8th Dist. No. 79832, 2002-Ohio-2669; *United States v. Price* (1986), 792 F.2d 994; and *United States v. Lemonakis* (1973), 485 F.2d 941). If the statements are not testimonial in nature, then the Confrontation Clause is not implicated. The video tape of Perkins approaching the site of the drug transaction and the audio

tape of the drug transaction are thus not testimonial in nature and need not be excluded.

**{¶6}** Perkins also raises an issue with the use of the tape of the debriefing of the CI after the purchase is complete. The debriefing tape, unlike the prior tapes occurred outside of the presence of Perkins and thus does not put her own comments into context. Thus, it would be a hearsay statement that would normally be excluded. However, in this case, the debriefing tape was played by the defense when cross-examining the State's witness. After the tape was played, the State questioned the witness on re-direct concerning some statements made on the tape introduced by Perkins. Pursuant to the doctrine of invited error, a party may not take advantage of an error that he or she created. *State v. Bey* (1999), 85 Ohio St.3d 487, 709 N.E.2d 484. The doctrine of invited error precludes a defendant from introducing evidence that would normally be hearsay during cross-examination of a witness and then objecting to the use of the evidence on re-direct. *State v. McCombs*, 9th Dist. No. 22837, 2006-Ohio-3289, ¶13. For the reasons set forth above, the first assignment of error is overruled.

**{¶7}** In the second assignment of error, Perkins argues that the evidence was not sufficient to support the finding of guilt.

> **When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would**

> **convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. Ready* (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203.

{¶8} Here, Perkins was charged with one count of complicity to commit aggravated trafficking of drugs with a specification that the sale occurred in the vicinity of a juvenile. The State had to prove that Perkins knowingly aided or abetted another in the sale of a controlled substance in the presence of a juvenile. The video showed that Perkins drove Haslinger to the location with the child in the rear seat of the vehicle. Perkins then walked with Haslinger around to the door of the shed. The audio tape of the sale indicates that Perkins was present and participated. Perkins described her experiences with the pills that the CI was purchasing and how the pills should be ingested. After the sale, Perkins then proceeded to leave the shed with Haslinger and the CI and drove Haslinger from the scene after which the purchased pills were handed over by the CI to the Task Force. Viewing this evidence in a light most favorable to the State, a rational trier of fact could have concluded that Perkins knowingly aided and abetted Haslinger in the sale of the drugs while in the vicinity of a juvenile. Thus, the evidence is

sufficient to support the conviction and the second assignment of error is overruled.

{¶9} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**