[Cite as *State v. Parker*, 2023-Ohio-2722.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  17-23-02

    v.

ROBERT J. PARKER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Sidney Municipal Court
Trial Court No.  22CRB00519

Judgment Affirmed

Date of Decision:  August 7, 2023

APPEARANCES:

    *Jim R. Gudgel* for Appellant

    *David M. Busick* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Robert J. Parker ("Parker"), brings this appeal from the March 16, 2023, judgment of the Sidney Municipal Court sentencing him to 180 days in jail after a jury found him guilty of Assault in violation of R.C. 2903.13, a first degree misdemeanor. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} The evidence in this case is generally straightforward and uncontradicted. On the evening of November 4, 2022, at approximately 8:20 p.m., three witnesses observed Parker physically kicking a woman who was on the ground and pressed against a fence in Sidney, Ohio. Further, the witnesses indicated that the victim was screaming for help. One of the witnesses recognized Parker as the assailant, and all three witnesses identified Parker at trial as the person kicking the woman against a fence.

{¶3} One of the witnesses called the police, but when Parker realized he was being observed, he got on his bicycle and left the scene. An officer arrived shortly thereafter and spoke with those present, including the victim, who complained that she was having trouble breathing. The victim's blood was located on the ground nearby. The interaction between the officer and the people present was recorded on the officer's body camera and played at trial.

{¶4} Due to her injuries, the victim was taken to the hospital. The officer investigating the matter went and spoke with the victim again at the hospital, and that interaction was also recorded on the officer's body camera and played at trial. At the hospital, the victim named Parker as her assailant. She also described the argument she had with Parker earlier that day, and indicated that she may have had a protection order against Parker at one point. However, the victim did not testify at trial and did not appear at trial at all despite being subpoenaed.

{¶5} As a result of his actions, Parker was charged with Assault in violation of R.C. 2903.13(A), a first degree misdemeanor. He proceeded to a jury trial wherein he was found guilty, then he was sentenced to serve 180 days in jail. A judgment entry memorializing Parker's sentence was filed March 16, 2023. It is from this judgment that he appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The Defendant's right to confront the witnesses at trial was violated in violation of the Confrontation Clause.**

{¶6} In his assignment of error, Parker contends that the trial court erred by permitting the State to play body camera footage of the investigating officer interviewing the victim at the hospital because the victim did not testify in this matter. Parker argues that this evidence was presented in violation of the Confrontation Clause.

Case No. 17-23-02

### Standard of Review

{¶7} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "However, we review de novo evidentiary rulings that implicate the Confrontation Clause." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 97. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

### Relevant Authority

{¶8} The Confrontation Clause to the Sixth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

> The United States Supreme Court has interpreted [the Sixth Amendment right to confrontation] to mean that admission of an out-of-court statement of a witness who does not appear at trial is prohibited by the Confrontation Clause if the statement is testimonial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness.

*State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 34, citing *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). The United States Supreme Court "did not

define the word 'testimonial' but stated that the core class of statements implicated by the Confrontation Clause includes statements 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *Id.* at ¶ 35, quoting *Crawford* at 52.

Analysis

**{¶9}** At trial, Parker's attorney objected to body camera footage of the investigating officer's interaction with the victim at the hospital. Parker's attorney argued that this interaction was after-the-fact and not part of an ongoing emergency, that the victim's statement was testimonial, and that the statement was in violation of the Confrontation Clause because the victim did not testify at trial. The trial court overruled the objection and permitted the body camera footage to be played. The footage showed the victim specifically identifying Parker as her assailant. Parker asserts that it was reversible error for the footage to be played at trial.

**{¶10}** Generally, when out-of-court statements made to law enforcement are at issue under the Confrontation Clause, the "primary purpose" test applies. *State v. Little*, 3d Allen No. 1-16-29, 2016-Ohio-8398, ¶ 18. Under this test,

> [s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*State v. Perkins,* 3d Dist. Seneca No. 13–10–36, 2011-Ohio-2705, 2011 WL 2345291, ¶ 4, quoting *Davis v. Washington,* 547 U.S. 813, 822, 126 S.Ct. 2266 (2006).

{¶11} When applying the primary purpose test to this case, there is no indication that there was still an ongoing emergency at the time the officer spoke with the victim at the hospital, and it was at that time that the victim made an out-of-court identification of Parker as her assailant. *See State v. Smith*, 1st Dist. Hamilton No. C-180499, 2019-Ohio-3257. Contrary to the State's suggestion, the victim's identification at the hospital to the officer was neither an excited utterance, nor a statement for purposes of medical diagnosis.[1] Further, the identification goes directly to the truth of the matter asserted.

{¶12} While a recording of an interaction on a police body camera may seem reliable, the Confrontation Clause is designed to prohibit out-of-court statements that are untested by cross-examination. *Michigan v. Bryant*, 562 U.S. 344, 358, 131 S.Ct. 1143 (2011) ("Even where * * * an interrogation is conducted with all good faith, introduction of the resulting statements at trial can be unfair to the accused if they are untested by cross-examination. Whether formal or informal, out-of-court statements can evade the basic objective of the Confrontation Clause, which is to

---

[1] Moreover, we note that while the State argues that the body camera footage met certain hearsay exceptions, the State largely ignores the fact that the Confrontation Clause may bar admission of evidence that could otherwise be admissible under an exception to the hearsay rule. *State v. Issa*, 93 Ohio St.3d 49, 60 (2001).

prevent the accused from being deprived of the opportunity to cross-examine the declarant about statements taken for use at trial.").

**{¶13}** Furthermore, we emphasize that

The purpose of body cameras is to record events in which law enforcement officers are involved to improve officer safety, increase evidence quality, reduce civilian complaints and reduce agency liability * * * not to supplant the in-court testimony of witnesses. Out-of-court statements that would otherwise be inadmissible do not become admissible simply because they were captured on a police body camera.

*State v. Smith*, 8th Dist. Cuyahoga No. 111274, 2023-Ohio-603, ¶ 94.

**{¶14}** After conducting our de novo review of the record, we do not agree with the trial court that the body camera footage from the hospital was admissible in this case because it is both hearsay with no exception established by the State and because it is in violation of the Confrontation Clause. *See State v. Smith*, 1st Dist. Hamilton No. C-180499, 2019-Ohio-3257 (holding that body camera footage was inadmissible under the Confrontation Clause where witness did not testify at trial and there was no ongoing emergency). However, this does not end our analysis because Confrontation Clause issues (and hearsay issues) are subject to harmless error review. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735; *State v. Thomas*, 3d Dist. Marion No. 9-19-73, 2020-Ohio-5379, ¶ 27. Harmless error review requires: 1) that the defendant was prejudiced by the admission of the improper evidence at trial, 2) that the appellate court believes that the error was "not

harmless beyond a reasonable doubt," and 3) that after excising the improper evidence, the remaining evidence overwhelmingly supports finding the defendant guilty. *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, ¶ 27-29.

{¶15} Here, there is *no question* that introducing the body camera footage was harmless beyond a reasonable doubt. Three eyewitnesses all testified at trial and specifically identified Parker as the assailant. Any statement made by the victim through body camera footage hours after the incident identifying Parker as her assailant was merely cumulative to other evidence in the record. *Thomas*, *supra*, at ¶ 26. Because the evidence from the body camera was merely cumulative, and the evidence overwhelmingly supports a finding of guilt even without the body camera footage, we find that any error here was harmless beyond a reasonable doubt. For this reason, Parker's assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to Parker in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Sidney Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**